IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Fred K. Waechter, Jr., Eliot Gould, | ) | C.A. No.: |
| Walter E. Thomas, Stacey T. | ) | |
| Peppers, Judy Wertz, Rosa M. | ) | |
| Glover, Sherry R. Brown, Charles | ) | |
| L. Hughes, Robert C. Vaughn, | ) | |
| Sheila Langley, Billy F. Willis, Jr., | ) | |
| Pam Collins, Sherry Livingston, | ) | |
| Yvonne Canfield, and Barbara | ) | |
| A. Roman, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **C O M P L A I N T** |
| | ) | |
| Employer Service Group, LLC, | ) | |
| and Employer Service Group, | ) | |
| LLC Employee Benefit Plan, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs, complaining of Defendants herein, would respectfully show unto this Honorable Court as follows:

1.      Plaintiffs are citizens and residents of various counties in the State of South Carolina including Anderson, South Carolina.

2.      Defendant Employer Service Group, LLC is a corporate entity organized and existing pursuant to the laws of one of the States of the United States and which conducts extensive business and owns property in various counties in South Carolina, including Anderson County, South Carolina.

3.     This Court has jurisdiction to hear this matter based upon federal questions under the Employee Retirement Income Security Act ("E.R.I.S.A."), 29 U.S.C. § 1001 *et seq.* Additionally, venue is proper in the Anderson Division because Plaintiffs and Defendant transact extensive business in this Division and the events that are the bases of this cause of action took place in this Division.

4.     Defendant Employer Service Group, LLC Employee Benefit Plan is an employee benefit plan organized and existing pursuant to E.R.I.S.A. 29 U.S.C.S. § 1132 and which is subject to suit as a legal entity pursuant to the aforementioned statute.

5.     In this matter, Plaintiffs assert a claim for benefits against the plan pursuant to E.R.I.S.A. 29 U.S.C.S. § 1132(a)(1)(B) and they assert that the corporate Defendant has breached its' fiduciary duty pursuant to E.R.I.S.A. 29 U.S.C.S. § 1104. Plaintiffs seek relief pursuant to E.R.I.S.A. 29 U.S.C.S. § 1109, § 1132(a)(1)(B), § 1132(a)(3), and § 1132(g). This court has jurisdiction to hear this matter based upon a federal question.

6.     Prior to October 1, 2001, Plaintiffs were employees of Defendant Employer Service Group, LLC.

7.     Employer Service Group, LLC is an employee leasing company that provided to its' employees health benefit coverage pursuant to the Defendant plan, which plan is governed by E.R.I.S.A. 29 U.S.C.S. § 1001 *et. seq.*

8.     Defendant Employer Service Group, LLC serves as the plan administrator of the Defendant plan.

9.     Upon information and belief, the plan is self-funded and that the plan has a third-party claims administrator to handle claims and a reinsurer to defray expenses.

10.    Upon information and belief, the claims administrator and reinsurer are not subject to suit at this time as they have been put into receivership or otherwise have had all potential actions against them stayed.

11.    Regardless of the status of the reinsurer and/or claims administrator during the relevant time period, Defendant Employer Service Group, LLC, as plan administrator, and the Defendant plan, had various obligations and duties pursuant to E.R.I.S.A. 29 U.S.C.S. § 1001 *et. seq.*

12.    Plaintiffs, while participants in the plan, incurred various medical bills, which are covered under the terms and conditions of the Defendant plan.

13.    Plaintiffs submitted the medical bills and claims for payment under the terms and conditions of the Defendant plan, but the claims have not been processed and/or paid and Plaintiffs have substantial outstanding bills and/or claims, which are covered under the terms and conditions of the plan.

14.    Plaintiffs have appealed to Defendant Employer Service Group, LLC on numerous occasions to fund the plan and pay said claims; however, Defendant Employer Service Group, LLC has failed and/or refused to pay in accordance with the plan. Accordingly, Plaintiffs have either exhausted administrative remedies, to the extent they are required to, or in the alternative, any further attempts to exhaust administrative remedies would be futile as Defendants have refused to fund the plan or process the claims.

## FOR A FIRST CAUSE OF ACTION
(Against Defendant Plan Only and For Benefits Pursuant to E.R.I.S.A. 29 U.S.C.S. § 1132(a)(1)(B))

15.    Plaintiffs incorporate all prior allegations herein, where not inconsistent, as if fully set forth below.

3

16.    Plaintiffs respectfully request that the court review the matters raised herein *de novo* and declare, pursuant to E.R.I.S.A. 29 U.S.C.S. § 1132(a)(1)(B), that Plaintiffs' claims are payable under the terms and conditions of the plan and that the court declare the amount of money payable on each claim under the terms of the plan and that the court order the Defendant plan to process and pay the claims.

17.    If necessary and if the court deems it appropriate, Plaintiffs respectfully request that the court appoint an independent claims administrator to process the claims on behalf of the plan pursuant to E.R.I.S.A. 29 U.S.C.S. § 1109.

18.    Finally, Plaintiffs respectfully request that the court award attorney's fees and costs pursuant to E.R.I.S.A. 29 U.S.C.S. § 1132(g).

## FOR A SECOND CAUSE OF ACTION
### (Against Defendant Employer Service Group, LLC, as Plan Administrator of the Defendant Plan, and For Relief Pursuant to E.R.I.S.A. 29 U.S.C.S. § 1109, or § 1132(a)(3))

19.    Plaintiffs incorporate all prior allegations herein, where not inconsistent, as if fully set forth below.

20.    That after the court award the relief requested in the first cause of action, that the court declare that Defendant Employer Service Group, LLC is the plan administrator of the subject plan and is responsible for the funding of the plan for payment of claims.

21.    Plaintiffs further respectfully request that as plan administrator Defendant Employer Service Group, LLC is a fiduciary for the purposes of properly funding the plan and seeing that claims are processed.

22.    As a fiduciary, Defendant Employer Service Group, LLC had certain duties including, besides the above, the obligation set forth in E.R.I.S.A. 29 U.S.C.S. § 1104.

4

23.    Plaintiffs respectfully request that the court declare that Defendant Employer Service Group, LLC, have breached said fiduciary duties owed to Plaintiffs by failing to process claims and/or by failing to properly fund the plan so that claims could be paid. Plaintiffs respectfully request that the court award relief in equity including an order compelling Defendant Employer Service Group, LLC, as plan administrator and a fiduciary of the plan, to immediately fund the plan sufficiently so as to pay the claims under the terms and conditions of the plan as is established by the court pursuant to the first cause of action. Additionally, Plaintiffs respectfully request that the court award attorney's fees and costs pursuant to E.R.I.S.A. 29 U.S.C.S. § 1132(g).

**WHEREFORE,** having fully stated their claims against Defendants, Plaintiffs respectfully pray for the following relief:

1.    that the Court declare that Plaintiffs are entitled to benefits against the Defendant plan pursuant to E.R.I.S.A. 29 U.S.C.S. § 1132(a)(1)(B) and that the court declare the amount of benefits to which Plaintiffs are entitled pursuant to the aforementioned statute;

2.    that if the Court deems it appropriate, that the court appoint an independent administrator to oversee the processing of the claims to determine what amounts are payable under the terms of the plan;

3.    that the Court declare that Defendant Employer Service Group, LLC has breached its' fiduciary duties owed to Plaintiffs pursuant to E.R.I.S.A. 29 U.S.C.S. § 1104 and other provisions in failing to properly administer the plan generally and in specifically failing to fund the plan so that claims could be processed and paid and that the Court order Defendant Employer Service

Group, LLC, in equity, to fund the plan and to ensure its' proper

administration;

4.    that the Court award attorney's fees and costs pursuant to E.R.I.S.A. 29

U.S.C.S. § 1132(g); and

5.    such other and further relief as the Court deems just and proper.

_____
Robert E. Hoskins, Fed. ID No.:5144
Charles Clark, III, Fed. ID No.:6944
**FOSTER & FOSTER, L.L.P.**
601 East McBee Avenue
Post Office Box 2123
Greenville, South Carolina 29602
(864) 242-6200
Date: *10 October 2002*    Attorneys for Plaintiffs