FILED

NOV 0 3 2003

LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### GREENVILLE DIVISION

| | |
|---|---|
| Fred K. Waechter, Jr., Eliot Gould, Walter E. Thomas, Stacey T. Peppers, Judy Wertz, Rosa M. Glover, Sherryl R. Brown, Charles L. Hughes, Robert C. Vaughn, Sheila Langley, Billy F. Willis, Jr., Pam Collins, Sherry Livingston, Yvonne Canfield and Barbara A Roman, and Jane P. Snodgrass, as Personal Representative of the Estate of Stephen Snodgrass, <br><br> Plaintiffs, <br><br> v. <br><br> Advanced Manufacturing Components, Inc., Milton Moore, Employer Service Group, LLC, B. Scott Glidewell, and Mid-South Benefits Group, <br><br> Defendants. | Case No.:  8:02-3397-26 <br><br><br><br><br><br><br><br><br><br><br> **AMENDED COMPLAINT** |

Plaintiffs, complaining of the Defendants herein, would show unto this Honorable Court as follows:

### I.

Plaintiffs are citizens and residents of various Upstate counties.

### II.

Defendant Advanced Manufacturing Components, Inc. (hereinafter "AMC") is a corporate entity organized and existing pursuant to the laws of one of the States of the United States and which does business and owns property in Greenville, South Carolina.



III.

Defendant B. Scott Glidewell is a citizen and resident of a state other than South Carolina, but who has sold insurance policies in the State of South Carolina and he is, therefore, subject to jurisdiction pursuant to the South Carolina Long Arm Statute.

IV.

Defendant Mid-South Benefits Group is a corporate entity organized and existing pursuant to the laws of one of the States of the United States and which is incorporated under the laws of one the States of the United States and which has sold insurance policies which covers persons residing in South Carolina and is, therefore, subject to personal jurisdiction pursuant to South Carolina's Long Arm Statute.

V.

Defendant Milton Moore is a citizen and resident of Columbia, South Carolina.

VI.

Defendant Employer Service Group, now doing business as Professional Employers Group, (hereinafter respectfully ESG and PEG) are corporate entities which do business and own property in Greenville, South Carolina.

VII.

In this matter, Plaintiffs assert a breach of fiduciary duty claim as against the Defendant AMC as the plan administrator of an E.R.I.S.A. governed health benefits plan in which the Plaintiffs were participants. Plaintiffs also allege a claim for benefits against an E.R.I.S.A. governed plan pursuant to 29 U.S.C.S. § 1132(a)(1)(B) and Plaintiffs allege a common law negligence claim and violation of South Carolina State law against the Defendants Milton Moore, Scott Glidewell, ESG now known as PEG, and Mid-South

Benefits Group (hereinafter collectively referred to as the "insurance professionals"), but that Plaintiffs assert the latter cause of actions pursuant to State law against the aforementioned Defendants as advisors of an E.R.I.S.A. governed benefit plan and as beneficiaries of the E.R.I.S.A. contract which the aforementioned Defendants established for the E.R.I.S.A. plan. This court has jurisdiction to hear these matters based upon Federal question jurisdiction.

VIII.

The Plaintiffs were all participants in an E.R.I.S.A. governed employee benefit plan sponsored by the Defendant AMC.

IX.

The Defendant AMC was the plan administrator of the plan and, therefore, was a fiduciary for the purpose of seeing that the plan is properly maintained, administered, and funded.

X.

Upon information and belief, the plan in which the Plaintiffs participated was self-funded by their employer and the plan administrator Defendant AMC during the relevant time period.

XI.

Upon information and belief, the Defendant AMC consulted with certain individuals who held themselves out as being insurance professionals (the Defendant insurance professionals) with regard to the structure of the subject plan and the sale of certain plan reinsurance products and claims administrator products.

XII.

The Defendant Milton Moore is an insurance agent and broker and holds himself out to be an insurance professional and he works through his company, Defendant ESG now doing business as Defendant PEG.

### XIII.

The Defendant Scott Glidewell is an insurance agent and broker and holds himself out to be an insurance professional and he works through his company, Defendant Mid-South Benefits Group.

### IX.

Upon information and belief, the Defendant AMC approached the insurance professionals about structuring an E.R.I.S.A. governed health benefits plan and that as a result of the insurance professionals' input, the Defendant AMC chose to structure a plan such that it was self-funded with reinsurance and a third-party claims administrator.

### X.

Upon information and belief, the insurance professionals set up the Defendant plan and procured various reinsurers and third-party claims administrators, but, unfortunately, the reinsurers, MarkeTrends and American Fidelity, were not licensed to do business in the State of South Carolina and, in reality, are not reputable or solvent insurance companies at all.

### XI.

Also, unfortunately, the claims administrators with whom the insurance professionals set the plan up with are either insolvent or incompetent when it comes to claims administration or both.

### XII.

The Plaintiffs have submitted numerous claims to the Defendant plan for processing and payment under the terms of the plan and none of the Plaintiffs' submitted claims have been processed or paid. Plaintiffs have made numerous appeals to the plan and the Defendant AMC, as the plan administrator, and that the Defendant AMC and the Defendant plan has ignored Plaintiffs' claims and have taken no actions whatsoever to see that the claims are properly processed or paid or that the plan is even funded. Upon information and belief, the plan is not properly funded and does not have the money to pay the claims, but despite such fact, Defendant AMC has taken no action to process the claims or protect the plan participant plaintiffs' interest as it is legally required to do as a fiduciary of the Defendant plan.

XIII.

Despite numerous requests by the Plaintiffs for processing and payment on the claims and despite the fact that no claims of the Plaintiffs have been paid, although they have been pending well over a year, none of the Defendants has taken any action to see to the processing and payment of the claims and, therefore, Plaintiffs assume that further attempts to exhaust administrative remedies, if such exhaustion is even required, is excused via the doctrine of futility.

**FOR A FIRST CAUSE OF ACTION**

**(For Breach of Fiduciary Duty Pursuant to E.R.I.S.A. 29 U.S.C.S. § 1104 and §**

**1132(a)(3) Against the Defendant AMC Only)**

XIV.

Plaintiffs incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

Page 5 of 12

XV.

Defendant AMC is fiduciary as alleged above of the subject plan. The Defendant AMC has an obligation to Plaintiffs, who are participants in the plan, regarding the solvency and financial status of the plan and to otherwise administer the plan in the participants' best interest. Additionally, as plan administrator, the Defendant AMC has an obligation under E.R.I.S.A. to see that the plan is properly funded and if the plan is not being properly funded to take such and all steps as may be necessary to ensure that the plan is properly funded including, but not limited to pursuing the reinsurers and/or agents who may be responsible for such inadequate funding.

XVI.

Despite the Defendant AMC's fiduciary obligations and despite notice by the Plaintiffs, the Defendant AMC:

1) has failed to properly advise Plaintiffs as to the status of the plan;

2) has failed to ensure that the plan is properly funded and, in fact, the plan is not funded and Defendant has not taken any steps to fund the plan;

3) has failed to take any action whatsoever with regard to recourse as against those who may be at fault including the Defendant insurance professionals; and

4) has generally failed to administer or to handle the plan in the participants' best interest as required by E.R.I.S.A. 29 U.S.C.S. § 1104.

XVII.

Plaintiffs respectfully request that the court consider the matters raised herein under E.R.I.S.A. 29 U.S.C.S. § 1001 and declare that the Defendant AMC has breached its'

fiduciary duties to the participants, including the Plaintiffs, as set forth above and in such other ways as the court may find and that the court grant the Plaintiffs such equitable relief as it determines to be appropriate pursuant to E.R.I.S.A. 29 U.S.C.S. § 1132(a)(3) including compelling the Defendant to fully fund the plan so that the Plaintiffs' claims can be properly processed and paid and such other and further relief as the court may deem just and proper. Plaintiffs further respectfully request that the court award attorney's fees and costs pursuant to E.R.I.S.A. 29 U.S.C.S. § 1132(g).

## CAUSES OF ACTION AGAINST THE DEFENDANT INSURANCE PROFESSIONALS ONLY

The following causes of action are asserted by the participants pursuant to the laws of the State of South Carolina. Plaintiffs assert the following causes of action as participants and beneficiaries of the E.R.I.S.A. plan. As will be alleged below, the Defendant insurance professionals are non-fiduciaries of the plan and are subject to suit under State law and that such State laws are not preempted. (See *LeBlanc v. Cahill*, 153 F.3d 134 (4th Cir. 1998), and *Coyne & Delaney v. Selman*, 98 F.3d 1457 (4th Cir. 1996). Plaintiffs would prefer that the Defendant AMC, as plan administrator, would have brought the following causes of action, but since the Defendant AMC has failed to act then Plaintiffs are forced to act and they respectfully submit that they have standing to bring these actions as third-party beneficiaries of the dealings between the plan and the non-fiduciary insurance professionals. (See *Barker v. Sauls*, 289 S.C. 121, 345 S.E.2d 244 (S.Ct. SC 1986).)

## FOR A THIRD CAUSE OF ACTION AND FOR A FIRST CAUSE OF ACTION AGAINST THE INSURANCE PROFESSIONALS

### (Negligence)

## XVIII.

Plaintiffs incorporate all prior allegations herein, where not inconsistent, as if fully set forth herein.

## XIX.

The Defendants have held themselves out as being capable and competent brokers, agents and insurance professionals who are knowledgeable regarding insurance matters and matters regarding E.R.I.S.A. 29 U.S.C.S. § 1001 *et. seq.* The Defendants made the foregoing representations to the Plaintiffs' employer and in reliance upon those representations the Plaintiffs' employer hired the Defendants to set up a proper and legal benefit plan with appropriate insurance, reinsurers and administrators.

## XX.

The Defendants owed Plaintiffs as plan participants a duty to perform the services which Defendants were hired to perform in a competent manner. The Defendants were negligent in the performance of their duties in the following and other particulars to-wit:

1. In representing to the Plaintiffs and their employer that reputable insurance companies were going to be the Plaintiff's insurer and then substituting companies so that sham insurance companies that were not even licensed to do business in the State of South Carolina were, instead, set up as the insurer;

2. In failing to advise the Plaintiffs of the true financial status and structure of Plaintiff's plan;

3. In failing to investigate the insurers and reinsurers which Defendant sold to the plan and its' administrator placed Plaintiff's coverage with and in failing to discern that the entities were not even legally licensed or registered to write insurance in South Carolina and in failing to discern that MarkeTrends Insurance Ltd. was a foreign corporation not licensed to do business in the State of South Carolina;

4.    In generally handling Plaintiff's benefit plans in a negligent and incompetent fashion;

5.    In failing to keep Plaintiffs apprised of the status of the plan so that Plaintiffs could make other arrangements to protect themselves and its' employees when Defendant knew or should have known that the "insurers" with whom Defendant had placed Plaintiff's business were not reputable, were not paying claims, and were not licensed to do business in the State of South Carolina.

XXI.

As a result of the foregoing, the Plaintiffs have been harmed in that their claims have not been paid and their credit has been adversely affected.  The Plaintiffs have been harmed in that they have spent a great deal of work hours dealing with these issues, have had to go to considerable expense to procure a replacement coverage to protect their employees and have gone to considerable expense to pay attorneys and other personnel, including claims administrators, to try and get a handle on the situation caused by the Defendant's negligence and to try to mitigate the Plaintiff's damages.  Accordingly, the Plaintiff would respectfully request that the trier of fact award such actual and consequential damages and attorneys fees and costs as it deems proper under the circumstances.

## FOR A FOURTH CAUSE OF ACTION AND BY WAY OF A SECOND

## CAUSE OF ACTION AGAINST THE INSURANCE PROFESSIONALS

### (Strict Liability)

XXII.

Plaintiffs incorporate all prior allegations herein, where not inconsistent, as if fully set forth herein.

XXIII.

Defendants are insurance agents or brokers as that term is defined in Title 38 of the South Carolina Code.

## XXIV.

Defendants sold the Plaintiffs' employer certain insurance products, most notably that of American Benefit Plans, Britannia Life, and Mark Trends Reinsurance Company (collectively the "insurance companies") at various times as alleged above.

## XXV.

Plaintiffs' employer paid premiums for the foregoing coverages and the foregoing coverages were intended to provide health and indemnity coverage to a plan established by the Plaintiffs' employer and in which Plaintiffs were participants. The insurance product sold by the Defendant insurance professionals constituted "insurance" as that term is defined by Title 38 of the South Carolina Code.

## XXVI.

At the time the aforementioned insurance companies' products were sold, the insurance companies were not licensed to do business in the State of South Carolina.

## XXVII.

The Defendants, as insurance agents or brokers, sold Plaintiffs' employer "insurance" in violation of South Carolina Code § 38-43-160 through 180 and pursuant to the aforementioned statutes, the Defendants are strictly and personally liable up to the limits of coverage provided by the policies which they sold to the Plaintiffs' employer and under which Plaintiffs were to be covered.

## XXVIII.

Defendants are personally liable for the bills incurred by the Plaintiffs as plan participants. Such bills have been submitted to the aforementioned plan and its' reinsurers, but the plan and reinsurers have failed to pay the claims and, therefore, the Plaintiffs' claims have not been paid.

XXIX.

Accordingly, Defendant has breached its' duties pursuant to the aforementioned statutes and the Plaintiffs have been harmed. Plaintiff respectfully asks that the trier of fact declare that the Defendants are strictly liable for their actions in selling the products of insurers who are not licensed to do business in South Carolina to the Plaintiffs and that the trier of fact award such actual and punitive damages as are appropriate and attorney's fees and costs as allowed by Title 38.

**WHEREFORE,** having fully stated its' claim against the Defendants, the Plaintiffs respectfully request the following relief:

1.) for a declaration for the Defendant AMC's breaches of fiduciary duty as set forth above and for such equitable relief as the court deems appropriate pursuant to E.R.I.S.A. 29 U.S.C.S. § 1132(a)(3) as against the Defendant AMC;

2.) for benefits as against the Defendant plan pursuant to E.R.I.S.A. 29 U.S.C.S. § 1132(a)(1)(B);

3.) for attorney's fees and costs pursuant to E.R.I.S.A. 29 U.S.C.S. § 1132(g) as against the Defendant AMC;

4.) for actual damages against the insurance professional Defendants;

5.) for punitive damages against the insurance professional Defendants; and

6.)    for such other and further relief as the court deems just and proper.

Robert E. Hoskins, Esq., #5144
**FOSTER LAW FIRM, L.L.P.**
PO Box 2123
Greenville, SC 29602
(864) 242-6200
(864) 233-0290 (facsimile)

Attorneys for Plaintiff

Date: 11/3/03

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Fred K. Waechter, Jr., Eliot Gould, Walter E. Thomas, Stacey T. Peppers, Judy Wertz, Rosa M. Glover, Sherryl R. Brown, Charles L. Hughes, Robert C. Vaughn, Sheila Langley, Billy F. Willis, Jr., Pam Collins, Sherry Livingston, Yvonne Canfield and Barbara A Roman, and Jane P. Snodgrass, as Personal Representative of the Estate of Stephen Snodgrass, | ) ) ) ) ) ) ) ) ) ) ) | Case No.: 8:02-3397-26 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Advanced Manufacturing Components, Inc., Milton Moore, Employer Service Group, LLC, B. Scott Glidewell, and Mid-South Benefits Group, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**CERTIFICATE OF SERVICE**

This is to certify that the undersigned attorneys for the Plaintiff did cause the **Amended Summons and Amended Complaint**, in the above captioned action to be served upon the attorney for the Defendant, by depositing in the United States Mail, proper postage affixed thereto, a copy of same to the address below, on the  3  day of **November, 2003**.

Theodore Willard, Esq.
Montgomery, Patterson, Potts & Willard
PO Box 11886
Columbia, SC 29211-1886

Robert E. Hoskins, Esq., #5144
**FOSTER LAW FIRM, L.L.P.**

601 East McBee Avenue
Post Office Box 2123
Greenville, South Carolina 29602
(864) 242-6200
Attorneys for Plaintiffs

Date: _11/3/03_____